UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE ARNOLD MONTIEL,

    Plaintiff,

v.

Case No. 25-cv-12360
Hon. Matthew F. Leitman

WOLBERT, *et al.*,

    Defendants.

_____/

## **ORDER OF PARTIAL SUMMARY DISMISSAL**

    Plaintiff Jose Arnold Montiel is a state prisoner currently in the custody of the Michigan Department of Corrections (the "MDOC"). On July 6, 2025, Montiel filed a *pro se* civil-rights action under 42 U.S.C. § 1983 in the United States District Court for the Western District of Michigan. (*See* Compl., ECF No. 1.) Montiel's case was then transferred to this Court. (*See* Order, ECF No. 2.) In his Complaint, Montiel alleges that he suffered several violations of his constitutional rights after he was issued a wrongful misconduct ticket while in custody. (*See* Compl., ECF No. 1.) He brings this action against the following MDOC employees: Corrections Officer Wolbert, Warden Adam Douglas, Assistant Warden Melissa Godfrey, and MDOC Director Heidi Washington. (*See id.*)

    The Court has conducted an initial screening of Montiel's Complaint, and for the reasons explained below, the Court summarily **DISMISSES** Montiel's claims

1

against Defendants Douglas, Godfrey, and Washington pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  The Court also **DISMISSES** Montiel's claims that he was denied access to the courts, deprived of property, and subjected to discomfort around MDOC staff.  However, the Court will allow Montiel to proceed on his claim that Defendant Wolbert intentionally filed a false misconduct ticket against him.

# I

On September 11, 2025, the Court granted Montiel permission to proceed *in forma pauperis* in this action. (*See* Order, ECF No. 8.)  Under the Prison Litigation Reform Act of 1996, the Court is required to screen and *sua sponte* dismiss an *in forma pauperis* complaint in whole or in part before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997(e)(c).

A *pro se* civil-rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).  However, even *pro se* complaints must comply with the federal pleading requirements.  Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3).  This rule gives "the defendant fair notice of what the ... claim

is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). This standard requires more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was intentionally deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *Small v. Brock*, 963 F.3d 539, 541 (6th Cir. 2020).

## II

In his Complaint, Montiel alleges that Defendant Wolbert filed a false misconduct ticket against him. (*See* Compl., ECF No. 1, PageID.3.) Montiel was then found guilty and sentenced to nine days in segregation. (*See id.*) Montiel claims that while confined in segregation he lost access to the law library and the ability to send legal mail. (*See id.*) He also claims his personal property was damaged because it was not properly secured while he was in segregation, and that Wolbert's false

3

statements caused other prison staff to be biased against him, resulting in his "discomfort." (*Id.*)

### III

### A

The Court begins with Montiel's claims against Warden Douglas, Assistant Warden Godfrey, and MDOC Director Washington. Thise claims must be dismissed because Montiel has failed to allege any facts demonstrating the personal involvement of these Defendants in the improper conduct alleged in the Complaint. *See Monell v. Dep't of Soc. Svs.*, 436 U.S. 658, 691-92 (1978) (holding that Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious liability); *Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Here, Montiel does not mention Defendants Douglas, Godfrey or Washington anywhere in the Complaint other than naming them as Defendants. (*See* Compl., ECF No. 1, PageID.3-4.) "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint" is insufficient to satisfy a plaintiff's basic pleading requirements with respect to those defendants. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004). Because Monteil does not allege that Defendants Douglas, Godfrey, or Washington were

4

personally involved in, or responsible for, the alleged violations of his federal rights, and because he does not mention them at all in the body of his Complaint, the Court will dismiss them as Defendants in this action.

### B

The Court next turns to Montiel's claim that his personal property was damaged because it was not properly secured while he was in segregation. (*See* Compl., ECF No. 1, PageID.3.) The Court will dismiss that claim.

The negligent or intentional deprivation of a prisoner's property does not violate due process if adequate state remedies are available to redress the wrong. *See Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981) (holding that negligence does not amount to a "deprivation" implicating due process), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986). To maintain a Section 1983 claim arising out of "the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983).

In his Complaint, Montiel does not allege that Michigan's judicial remedies are inadequate or that it would be futile to present his claim in the Michigan state courts. *See Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995) (holding that

5

Michigan "provides several adequate post-deprivation remedies" for a prisoner to present deprivation-of-property claims). Thus, this claim must be dismissed.

### C

Next, Montiel claims that during the nine days he was confined in segregation, he was unable to access the law library or send legal mail. This is essentially a claim alleging the denial of access to the courts. But Montiel has failed to allege sufficient facts in support of such a claim.

Prisoners, including indigent prisoners, have a constitutional right of access to the courts which the states have an affirmative duty to protect. *See Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). To state a denial of access to the courts claim under Section 1983, a plaintiff must make some showing that prejudice or actual injury resulted from the challenged conduct. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Id.* In other words, a "[p]laintiff must allege that a non-frivolous claim was lost or rejected, or that the presentation of such a claim is currently being prevented." *Clark v. Corrections Corp. of Am.*, 113 F. App'x 65, 68 (6th Cir. 2004) (affirming dismissal of denial of access to the courts claim where the "plaintiff offered no factual allegation suggesting that defendants prevented him from presenting a non-frivolous claim").

Here, Montiel does not allege any facts showing that he was prevented from filing a non-frivolous action or that he suffered any other prejudice or actual injury from his lack of access to the law library or his inability to send legal mail during his nine-day period of segregation. Thus, he has failed to plead a viable denial of access to the courts claim. The Court will therefore dismiss that claim.

### D

Finally, the Court will dismiss Montiel's claim that Wolbert's false allegation caused other staff to be biased against him. Montiel's allegation that he felt "discomfort" around those staff members is vague and conclusory, and it is insufficient to state a civil-rights claim under Section 1983. The Court will therefore dismiss that claim.

### E

The only remaining claim is Montiel's claim that Wolbert intentionally filed a false misconduct ticket against him. The Court concludes that that claim survives initial screening and is not subject to summary dismissal. Nothing in this order precludes Wolbert from filing a motion to dismiss that claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### IV

For the reasons explained above, Montiel's claims against Defendants Warden Douglas, Assistant Warden Godfrey, and MDOC Director Washington are

**DISMISSED**. In addition, all of Montiel's claims against Defendant Wolbert are **DISMISSED** except for his claim that Wolbert intentionally filed a false misconduct ticket against him. The Court will now refer this matter to the *Pro Se* Prisoner Early Mediation Program.

Finally, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: October 16, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 16, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126