UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE ARNOLD MONTIEL,

       Plaintiff,

v.

       Case No.  2:25-cv-12360
       District Judge Matthew F. Leitman
       Magistrate Judge Kimberly G. Altman

PAIGE WOLBERT,

       Defendant.

_____/

## ORDER DENYING PLAINTIFF'S
## MOTION FOR DISCOVERY (ECF No. 15)

This is a prisoner civil rights case.  Plaintiff Jose Arnold Montiel, proceeding *pro se*, is suing Sergeant Paige Wolbert alleging violations of his constitutional rights after he was issued a wrongful misconduct ticket while he was housed at the Saginaw Correctional Facility.  (ECF No. 1).  Under 28 U.S.C. § 636(b)(1), all pretrial matters have recently been referred to the undersigned.  (ECF No. 19).  Before the Court is Montiel's motion for discovery, in which he asks the Court to produce various discovery.  (ECF No. 15).

Montiel's motion will be denied for two reasons.  First, Wolbert has not been served and discovery has not yet commenced.  Thus, his requests for discovery are premature.  "In prisoner civil litigation, discovery typically commences upon issuance of a scheduling order setting discovery and dispositive

1

motion deadlines…." *DeAngelis v. Cobb*, No. 21-12722, 2022 WL 22837331, at *1 (E.D. Mich. July 29, 2022).  A scheduling order has not yet been entered in this case and will not be entered until Wolbert has been served and counsel appears on her behalf.

Second, Montiel must send his discovery requests to Wolbert, not the Court. Under the Federal Rules, a party must send discovery requests to the party in possession of the relevant information or documents.  It is improper for a party to file a discovery request with the Court.  *See Townsend v. Rhodes*, No. 4:14–CV–10411, 2015 WL 1781230, at *2, n.2 (E.D. Mich. Apr. 20, 2015) ("[T]here are rules which govern the exchange of information *between parties* by way of interrogatories (Fed. R. Civ. P. 33), requests for the production of documents (Fed. R. Civ. P. 34) or requests for admission (Fed. R. Civ. P. 36)"); *Cook v. Sicilian*, No. 2:20-cv-781, 2020 WL 9159969, at *1 (S.D. Ohio Apr. 14, 2020) ("Plaintiff is again **ORDERED** to send discovery requests directly to the [d]efendants and not file them with the Court until or unless they are used in a proceeding or the Court orders filing.").

Further, even if the Court were to construe Montiel's motion as a motion to compel, it would be denied for similar reasons.  "A party cannot successfully move for an order compelling the production of documents when that party did not first seek this information in accordance with Rule 34." *Durham v. Mohr*, No. 2:14-cv-

2

581, 2015 WL 9312105, at \*3 (S.D. Ohio Dec. 23, 2015); *see* Fed. R. Civ. P. 37(a)(3)(B)(iv) (permitting a party to move for an order compelling production when a party fails to respond to a request pursuant to Rule 34).

The fact that Montiel is *pro se* does not excuse his failure to comply with the discovery rules.  *See Thatcher v. Warden, Lebanon Corr. Inst.*, No. 1:12–cv–470, 2012 WL 5496503, at \*3 (S.D. Ohio Nov. 13, 2012) ("[t]he fact that Plaintiff proceeds pro se does not entitle him to ignore the procedural rules for conducting discovery").

Accordingly, as Montiel's discovery request was improper and premature, his motion for discovery (ECF No. 15) is DENIED.  Discovery will begin when a scheduling order is entered, and at that time, Montiel may send his discovery requests to Wolbert.

SO ORDERED.

Dated: April 15, 2026
Detroit, Michigan

s/Kimberly G. Altman
KIMBERLY G. ALTMAN
United States Magistrate Judge