UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE ARNOLD MONTIEL,

Plaintiff,

v.

Case No. 25-cv-12360
Hon. Matthew F. Leitman

WOLBERT, *et al.*,

Defendants.

______________________________________/

**ORDER (1) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 32); (2) GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 27); AND (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 29)**

Plaintiff Jose Arnold Montiel is a state prisoner currently in the custody of the Michigan Department of Corrections (the "MDOC"). On July 6, 2025, Montiel filed a *pro se* civil-rights action under 42 U.S.C. § 1983 in the United States District Court for the Western District of Michigan. (*See* Compl., ECF No. 1.) Montiel's case was then transferred to this Court. (*See* Order, ECF No. 2.) In his Complaint, Montiel alleges that he suffered several violations of his constitutional rights after he was issued a wrongful misconduct ticket while in custody. (*See* Compl., ECF No. 1.)

Two motions are now pending before the Court. Defendant Paige Wolbert, the sole remaining Defendant in this action, has filed a motion to dismiss and/or for summary judgment. (*See* Mot., ECF No. 27.) Montiel has also filed a motion for

summary judgment. (*See* Mot., ECF No. 29.) The motions were referred to the assigned Magistrate Judge. On September 25, 2026, the Magistrate Judge issued a report and recommendation in which she recommended granting Wolbert's motion and denying Montiel's motion (the "R&R"). (*See* R&R, ECF No. 32.) At the conclusion of the R&R, the Magistrate Judge informed the parties that if they wished to file an objection to her recommendations, they needed to file specific objections with the Court within fourteen days. (*See id.*, PageID.152-153.)

Montiel has not filed any objections to the R&R. Nor has he contacted the Court to ask for additional time to file objections. The failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). *See also Ivey v. Wilson*, 832 F.2d 950, (6th Cir. 1987) (explaining that where party fails to file "timely objections" to report and recommendation, court may accept that recommendation "without expressing any view on the merits of the magistrate's conclusions"). In addition, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Accordingly, because Montiel has failed to file any objections to the R&R**, IT IS HEREBY ORDERED** that the Magistrate Judge's recommendation to grant

Wolbert's motion and deny Montiel's motion is **ADOPTED**. Wolbert's motion is **GRANTED** and this action is **DISMISSED**.[1]

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 14, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 14, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

[1] The Court notes that there is a second and independent basis to dismiss this action. On August 8, 2026, the Court sent Montiel a notice in which it informed him that under Local Rule 11.2, it was Montiel's responsibility "to promptly file a notice with the Clerk and serve a copy of the notice on all parties whenever your address, e–mail address, phone number and/or other contact information changes." (Notice, ECF No. 4, PageID.4.) The notice further warned Montiel that the "[f]ailure to promptly notify the court of a change in address or other contact information may result in the dismissal of [his] case." (*Id.*) Here, when the Court mailed a copy of the R&R to Montiel, it returned to the Court as undeliverable. (*See* ECF No. 33.) Thus, it appears that Montiel has failed to comply with his obligations under the Court's Local Rules to provide the Court his updated address. That is not a mere technical violation of the rules. Without an address or contact information for Montiel, the Court cannot administer this action. Thus, Montiel's failure to update his address provides a second and independent reason for dismissing this case.